IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC G. MCDOWELL and** | : | |
| **ANDREW T. LUNNEY, individually and** | : | |
| derivatively on behalf of CHRISTI | : | |
| **INSURANCE GROUP, INC.,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| **KEVIN MINEHAN** | : | |
| *Defendant,* | : | |
| | : | |
| and | : | NO.  25-cv-00266 |
| | : | |
| | : | |
| **CHRISTI INSURANCE GROUP, INC.,** | : | |
| *Nominal Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                            **May 30, 2025**

Defendant Kevin Minehan moves to dismiss the Complaint (ECF No. 1) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 10 at 1. In the alternative, Defendant moves for the Court to abstain from or stay this action under the *Colorado River* doctrine while a related state court action proceeds in the Montgomery County Court of Common Pleas. ECF No. 10 at 2. The Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court has subject matter jurisdiction over the action but will exercise its discretion and stay the action under *Brillhart/Wilton.*

  **I.**     **SUBJECT MATTER JURISDICTION**

"Under the dictates of 28 U.S.C. § 1332(a), for diversity jurisdiction to exist, 'no plaintiff may be a citizen of the same state as any defendant,' and the amount in controversy must exceed

$75,000." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)) (cleaned up). Here, Defendant does not dispute the amount in controversy: Plaintiffs seek, among other relief, specific performance of a sale of Defendant's forty-three shares of Christi Insurance Group, Inc. ("Christi") for the price of seven shares—$776,300. ECF No. 1 ¶¶ 52, 55. Defendant instead challenges whether the diversity requirement of § 1332(a) is satisfied. ECF No. 10 at 11–13. Defendant argues that Christi, captioned as a nominal defendant, is not a nominal party but a real party in interest defendant. *Id*. As a defendant, Minehan argues, Christi's shared Pennsylvania citizenship with named Plaintiff Andrew Lunney defeats diversity. *Id*.

Even accepting Defendant's assertion that Christi is a real party in interest rather than a nominal defendant, diversity would still exist. If Christi is a real party in interest, it would be properly aligned as a plaintiff, not a defendant. Christi's rights are being asserted *against* the Defendant and it is not antagonistic to the other named Plaintiffs. *See Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 523 (1947). Christi, a citizen of Pennsylvania, is diverse from Defendant, a citizen of Florida. ECF No. 5. Therefore, regardless of whether Christi is considered a nominal defendant or a real party in interest plaintiff, the diversity requirement of § 1332(a) is met. Accordingly, the Court has subject matter jurisdiction under § 1332(a).

## II.    STAY PENDING RESOLUTION OF STATE COURT PROCEEDING

Having addressed subject matter jurisdiction, the Court next addresses Defendant's motion to stay or abstain under *Colorado River Water Conservation District. v. United States*, 424 U.S. 800 (1976) pending the resolution of the related state court proceeding. This case does not present the "exceptional circumstances" that are required to invoke *Colorado River. See* 424 U.S. at 360–61. Indeed, the business dispute at bar is common and ordinary.

The Court, however, will exercise its discretion to stay the declaratory judgment action and its dependent contractual claim under *Brillhart v. Excess Insurance Company of America,* 316 U.S. 491 (1942) and *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995).

The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–2202, grants federal courts the authority to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Supreme Court has long held that [the DJA] confers discretionary, rather than compulsory jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart,* 316 U.S. at 494). The Court is authorized to stay an action seeking declaratory judgment based on considerations of "practicality and wise judicial administration." *Wilton*, 515 U.S. at 288 & n.2 ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course [instead of dismissing the case].")

When a complaint contains claims for both legal and declaratory relief, the Third Circuit applies the "independent claim test" to determine what legal standard a district court must apply when considering a stay. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017). If the legal claims are independent, "the court has a 'virtually unflagging obligation' to hear those claims, subject . . . to *Colorado River's* exceptional circumstances." *Id*. If the legal claims are dependent, the "court retains discretion to decline jurisdiction of [or stay] the entire action, consistent with . . . *Reifer*." *Id.* "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." *Id.* at 228.

Here, Plaintiffs seek a declaration that Christi "is entitled to terminate Mr. Minehan's employment due to his fraud, conversion, unjust enrichment, and breach fiduciary duty against the

3

Agency." ECF No. 1 ¶ 41. Plaintiffs also seek specific performance requiring Defendant to sell his shares of Christi back to the company. *Id.* ¶ 55. The Court must determine if the legal relief is dependent on the declaratory relief. *See generally Id.* ¶¶ 38–58.

The "breach of contract-specific performance" claim arises "**as a result** of the Triggering Event of termination." *Id.* ¶¶ 49–50 (emphasis added). The lawfulness of Defendant's termination—the "Triggering Event"—is precisely the declaration sought by Plaintiffs and is needed to adjudicate the legal relief. Therefore, the legal relief is dependent on the Court granting the declaratory relief. Accordingly, *Brillhart/Wilton* applies to the entire action since the specific performance claim is dependent on the declaratory relief.

The Court now turns to the factors articulated by the Third Circuit in guiding its "exercise of sound and reasoned discretion" to stay the action under *Brillhart/Wilton*. *Reifer,* 751 F.3d. at 146. First, the Court should determine if there is a contemporaneous pending proceeding that is substantially similar in issues and parties—a "parallel state proceeding." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282–84 (3d Cir. 2017). "[T]he existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Id.* at 282 (quoting *Reifer*, 751 F.3d. at 144–45). Then, the Court considers the following list of non-exhaustive factors:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.* at 282–83 (citing *Reifer,* 751 F.3d at 146).

Here, there is a proceeding in the Montgomery County Court of Common Pleas where the same parties are litigating the same claims. *Compare* ECF No. 1 *with* ECF No. 10 at 24–43. Resolution of an issue in one case will necessarily settle the matter in the other. *See Kelly,* 868 F.3d at 283**,** 284, & n.8. Accordingly, the two actions are "parallel state proceedings."

The Court now takes each factor in turn. The first factor weighs in favor of the Plaintiffs: a declaration that Defendant's termination was lawful would resolve the uncertainty of whether Defendant's contractual obligations were triggered. In the state court proceeding, a declaration from this Court would resolve most of the obligations Christi has to Minehan. The first factor is the only factor that weighs in favor of the Court proceeding with this action.

Four of the factors are neutral or not relevant. The second factor is neutral since this Court is equally convenient as the state court. The exact parties in this action litigated before this Court in 2021 and are presently before the Montgomery County Court of Common Pleas. *See* ECF No. 12 at 1–2. The third factor is not relevant since the public does not have an interest in the resolution of obligations in an employment and shareholder dispute of a closely-held business. The fourth factor is neutral because the remedies sought here are also available and equally convenient in the state court. The eighth factor is not relevant since it is only applicable in the insurance context.

The remaining factors weigh heavily in favor of the Court staying this action. The fifth factor articulates a general policy of restraint when the same issues are pending in a state court. Here, not only are the same issues pending before state court, but all claims before both courts will be adjudicated under Pennsylvania law. *Id.* at 8. As such, the fifth factor weighs heavily in favor of granting a stay.

The sixth factor is avoidance of duplicative litigation. Plaintiffs argue the cases are not "truly duplicative" because the scope and approach of each action differ. *Id.* at 8–9. Plaintiffs describe the claims before this Court as "targeted" and "straightforward" compared to the "myriad sprawling allegations" of the state court action. *Id.* at 8. Plaintiffs' claims, though "targeted" in this Court, are still being litigated in the state court action. Most of the filings and discovery in this Court will be duplicative of the litigation in state court. *See id.* at 10. The sixth factor weighs heavily in favor of granting a stay.

The seventh factor, "prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*," strongly weighs in the favor of staying this action. Plaintiffs explicitly reference the speed with which this Court can proceed in their Response. *See id.* at 7–11 (stating this Court would "expeditiously" handle the case). Plaintiffs crafted their "targeted" case so that the "claims are straightforward and can be decided expeditiously on the face of the pleadings and Shareholders' Agreement." *Id.* at 8. Plaintiffs argue a ruling in this Court would "finally achieve some semblance of peace in their business." *Id.* at 2. Plaintiffs' Complaint and Response in this action read as a preemptive motion for summary judgement in the state court action. The action in this Court is clearly a race for *res judicata*.[1] The seventh factor weighs heavily in favor of granting a stay.

---

[1] *Res judicata* "comprises two distinct doctrines." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,* 590 U.S. 405, 411 (2020). "The first is issue preclusion, also known as collateral estoppel. It precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment. The second doctrine is claim preclusion, sometimes itself called *res judicata*. Claim preclusion prevents parties from relitigating the same 'claim' or 'cause of action.'" *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021) (citations omitted).
    Even if the Third Circuit meant to limit the "race for *res judicata*" prong of its seventh *Brillhart/Wilton* factor to claim preclusion, this action is a method of procedural fencing. The Plaintiffs seeks to use the rules of procedure in this Court to quickly get a decision in their favor—all but telling the Court a motion for judgment on the pleadings is imminent. ECF No. 12 at 8. Plaintiffs come to this Court to grab a sabre and stand *en garde* before Defendant Minehan even has a chance to approach the strip in the state court proceeding.

Altogether, the factors weigh heavily in favor of the Court exercising its discretion to grant a stay. The state court is well-positioned to resolve all the disputes between the parties because the action before it is more expansive than this action and Pennsylvania law applies. ECF No. 12 at 8, 10–11. When there is a parallel state proceeding, the Court "should be rigorous in ensuring . . . that the existence of parallel state proceedings is outweighed by opposing factors." *Reifer,* 751 F.3d at 145. The factors do not outweigh the parallel state proceeding. In fact, the factors lean so heavily in favor of granting a stay, a stay would be appropriate even if the state court proceeding was not a "parallel state proceeding."

Accordingly, the Court will grant a stay of the declaratory action and its dependent contractual claim under *Brillhart/Wilton.*

### III. CONCLUSION

The Court has subject matter jurisdiction over the action. The Court will exercise its discretion to stay the entire action under *Brillhart/Wilton*. The Parties shall file a joint status report every ninety days on the status of the state court action. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**